SCOTT PLAZA, INC., DBA UNION PLAZA HOTEL & CASINO, APPELLANT, v. CLARK COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, RESPONDENT.

No. 20083

May 17, 1990                                        792 P.2d 398

---

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*Rex Bell,* District Attorney, and *S. Mahlon Edwards,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Scott Plaza, Inc. (Scott Plaza) conducts a licensed gaming casino in Las Vegas which is assessed a quarterly county license fee pursuant to NRS 463.390. Both appellant and respondent Clark County (the County) acknowledge that the casino was inadvertently late in paying its fee for the first quarter of 1988, due on December 31, 1987. Pursuant to NRS 463.400, the County assessed a late payment penalty of $47,550.00, equivalent to 100 percent of the fee. Scott Plaza paid the penalty under protest and filed a complaint against the County for declaratory relief and for return of part or all of the penalty payment. Eventually, Scott Plaza and the County stipulated to resolve the case by cross-motions for summary judgment, and the court granted summary judgment for the County.

The issue presented in this appeal concerns the district court's interpretation of NRS 463.400 which provides, *inter alia,* that "any licensee who fails to remit any license fee provided for by this chapter when due" is liable for a 100 percent penalty. Appellant contends that the district court erred in determining that this clause requires a penalty equal to 100 percent of any unintentionally late quarterly payments of county licensing fees. Appellant maintains that the only reasonable interpretation of this clause, consistent with the rest of NRS 463.400 and in the context of Chapter 463 as a whole, is that it provides for such a penalty only when payment is willfully late. We agree.

As appellant points out, it is unreasonable to read the relevant clause as requiring mere inadvertence because such a construction means that a casino which pays late unintentionally is fined the same amount as one which evades payment willfully. In addition, the district court's interpretation means that a casino which inadvertently pays its county license fee late pays a 100 percent penalty while it is subject to only a 25 percent penalty if it inadvertently pays its state license fees late. *See* NRS 463.270(5). We conclude that the legislature did not intend such an inconsistent result. Moreover, we note that NRS 463.400 originally penalized only willful failure to pay and willful evasion of fees, which suggests that when the legislature added the clause in question in 1965, it intended to penalize only willful late payments. Furthermore, the district court's interpretation of NRS 463.400 would render the statute internally inconsistent because, while the first two clauses require "willful" conduct, the clause in question would apply to merely negligent conduct.

Finally, appellant persuasively argues that the court's construction of the statute renders meaningless NRS 463.270, the penalty provision in Chapter 463 pertaining to inadvertent late payments. Appellant first notes that NRS 463.270(5) provides for a late payment penalty of 25 percent of the amount due for any failure to pay a state license fee on time. Noting further that NRS 463.400 applies to state license fees as well as the county license fee, appellant contends that interpreting NRS 463.400 to require a 100 percent fine in all cases of late payment, whether negligent or willful, results in conflicting penalty provisions, at least as far as state license fees are concerned.

We are not persuaded by respondent's contentions to the contrary. Respondent argues that NRS 463.400 is the County's only provision for imposing penalties and that the provisions of NRS 463.270(5) are inapplicable to county fees. While respondent is correct that the County's only authority to penalize late payments derives from NRS 463.400, the court's interpretation of the clause in question necessarily includes late payments of state license fees also. The clause specifies that "any licensee who fails to remit *any license fee provided for by this chapter* when due is . . . liable for a penalty. . . ." (Emphasis added.) Thus, we conclude that the court's interpretation conflicts with NRS 463.270(5), at least insofar as it applies to inadvertent late payments of state license fees.

In addition, respondent contends that when the legislature amended NRS 463.400 in 1965, it intended to penalize both negligent and intentional late payment of fees. Respondent argues that prior to 1965, there was effectively no penalty imposed for late payments due to the difficulty of proving willfulness. In fact,

however, there was *no* penalty for late payments under NRS 463.400 prior to 1965. The only existing penalties for late payments concerned state license fees under NRS 463.270, which was enacted in 1955 and did not require willfulness.

We conclude that in adding the relevant clause in 1965, the legislature intended to penalize only willful late payments. Not only is this interpretation of the amendment consistent with the first two clauses of NRS 463.400, but also it complements rather than conflicts with NRS 463.270.

Because the district court's interpretation of NRS 463.400 yields inconsistent and unreasonable results and directly conflicts with the previously enacted penalty provision of NRS 463.270, we hold that the court erred in concluding that the County could assess a 100 percent penalty for appellant's inadvertent late payment of the quarterly county license fee. Therefore, we reverse the order granting the County's motion for summary judgment and denying Scott Plaza's motion for summary judgment.

Concurrent with its cross-motion for summary judgment, appellant filed a motion to amend its complaint to allege that it had presented a claim to the County pursuant to NRS 244.250. The motion to amend was in response to the County's affirmative defense that Scott Plaza failed to pursue the prerequisite administrative remedy. Although the district court did not rule on Scott Plaza's motion to amend the complaint, we need not remand for a determination of whether the motion should be granted. We note that the purpose of a presentment of claims statute is to prevent the governmental entity from being surprised by claims it has not had the time to consider administratively. *See* State ex rel. Welfare v. Capital Convalescent, 92 Nev. 147, 152, 547 P.2d 677, 680 (1976). Given that Scott Plaza delivered a notice of claim to the County three days before it filed its complaint and Scott Plaza and the County were involved in at least four months of correspondence and negotiations over this matter,[1] we believe that the purpose of NRS 244.250 was fulfilled. We therefore hold that Scott Plaza substantially, if not technically, complied with NRS 244.250. *Compare* Frank Briscoe Co., Inc. v. County of Clark, 643 F.Supp. 93, 100-103 (D.Nev. 1986), *aff'd,* 857 F.2d 606,

---

[1]The record reveals that the parties exchanged at least five extensive letters and numerous telephone calls between discovery of the late payment in February 1988 and the day the complaint was filed in July 1988. Scott Plaza twice requested reconsideration of the County's decision and, in a letter dated June 9, 1988, notified the County that it was in the process of filing a complaint based on the County's repeated demand for payment.

609-611 (9th Cir. 1988). Moreover, under the peculiar circumstances of this case, it would be unfair to permit the County to retain the sums collected contrary to its statutory authority. Accordingly, we reverse the order granting summary judgment for the County and remand to the district court for entry of summary judgment in favor of Scott Plaza.